May it please the Court, my name is Gail Coleman, I represent the EEOC, and I'd like to reserve five minutes for rebuttal. Clark County agrees with the EEOC that if a volunteer receives sufficient benefits, then that volunteer can be considered an employee under the Age Discrimination in Employment Act. When there are sufficient benefits, the benefits constitute compensation in exchange for services. The disagreement here is about whether the benefits that Clark County provides to its volunteer firefighters are sufficient to make those volunteer firefighters employees under the ADEA. Contrary to what Clark County argues, benefits do not need to approximate a salary in order to turn a volunteer into an employee. What's required is that benefits constitute significant remuneration, rather than just inconsequential incidents of an otherwise gratuitous relationship. In other words, is the volunteer just an ordinary volunteer who gets what most volunteers get from the experience, which is a good feeling that comes from volunteering and doing something good, or does that volunteer receive something more, something of economic significance? Contrary to Clark County's argument, it is permissible for something of economic significance to be provided by third parties. This is laid out clearly in the Restatement of Employment Law, which gives an example of tipping for waiters in restaurants.  The fact that tips are provided makes it more likely that people will be waiters or waitresses in a restaurant and the restaurant benefits from that. As another example, the EEOC's compliance manual mentions that if an individual is required to engage in work-related activities as a condition of receiving welfare benefits, most likely that individual will be considered an employee. Can I ask you just a practical question? If you take anything like volunteer camp counselors for the Girl Scouts or Red Cross or anybody else, typically they're volunteers, they go to the camp, they act as counselors, but they typically get or are covered by certain benefits, such as there may be an in-service either life insurance or workers' comp if they're injured. But they're doing volunteer work. Would your position then in effect turn this large cadre of U.S. volunteers and nonprofits into employees? Not necessarily. Certainly there will be cases where, as a matter of law, the court will be able to say these benefits are so insignificant that it doesn't even get to a jury. But if we say workers' comp benefits are significant, that covers almost every nonprofit volunteer situation? If we say that workers' comp benefits alone are significant, which is not what the EEOC is saying in this case, but if we say that that enough is significant, what that would do under Fickman is it would then require the court to go to the next step, which is looking at the traditional issue of an employment relationship. Are these volunteers employees? So it's a multi-part test. Right, but you say you get to the jury in every single case? Well, that is if this court says that workers' compensation benefits all by themselves are a significant economic benefit. Okay, let's assume that they're not by themselves. Then you also argue about the free medical exams, which are a condition of employment. I mean, the firefighters who are paid have to get those as well. It's a condition of being able to work on the job. True. Not necessarily benefit. But it is still free health care for the individuals. It's an exam. It's a qualifying exam. Well, they take it every two years. Yeah. In addition to that. Do we know the nature? I mean, there are physical exams and there are physical exams. I mean, what do we know about these exams? I understand that they are being performed in part maybe from the fire department or from the county standpoint entirely for the county's benefit. I'm trying to figure out what benefit might be provided to the volunteer firefighters. Certainly there's a benefit if the exam discovers a health problem. But I'm asking a more specific question. What do we know about the physical exam? How complete is it? What information is it given to the firefighter? And do we know that information? Well, the firefighter is supposed to receive whatever information arises from the exam. I don't know precisely how complete it is. I know that there are EEGs. Right. But it's a quality. In other words, the county is saying, look, we don't want anybody even out there in the firefighting situation who's not physically able. That's correct. That's correct. Well, for example, to use an analogy, if I went in and got life insurance, they would want me to take a physical exam. The physical exam is not administered by my health care professional. It's administered by someone employed by the company. And it's for qualification. They might well tell me I've got a problem, but if I do, I don't get insurance. It's for their benefit, not mine. Why is this any different? It's like workers' compensation. Yes, the employer is doing it for the employer's benefit, but the employee is getting something out of it as well. There's no reason why something can't be for both parties' benefit. That's why my question, okay, what kind of an examination? Is it? How thorough is it? What's told? And your short answer is you're not really sure. Yes. Okay. So then you go to the federal benefits. Do you think that the federal benefits afforded by federal statute makes everybody who gets them an employee? Well, again, our position is that this is always going to be very fact-specific. Here we have, in addition to the medical exams and the workers' compensation and the federal benefits, we have a promise of college tuition being paid for the children of volunteer firefighters who are killed in the line of duty. But that's paid by whom? That is paid by the Nevada State Firefighters Association. And that is a private organization? Correct. The parallel would be to tipping customers. Now, it could be that an individual who is raising a family Well, I don't think that's the same as customer tipping. I mean, I think the analogy is disparate. That's the one that it seems to me least likely to hang your hat on, because you've got a private organization that decides these guys are going to help us out, we're going to provide this benefit. How would that make them an employee of the county? Well, that alone, again, would not. We'd have to look at everything. Just so I understand the scope, you've got workers' comp, you've got the free medical care, you have the federal statutory benefits, and the third-party tuition. Yes. What else? That's correct. That is what we have. But I will say that in Daggett, the Eighth Circuit relied on much less to find that a volunteer was an employee. In Daggett, the benefits that the Eighth Circuit looked at were simply benefits that would restore the volunteer to the very same economic position that he would have been in if he hadn't volunteered. It was a union steward, and the union paid for his union dues, and made up for the lost time that he would have spent working otherwise and getting paid for, and made up for the 401K benefits that his employer would have paid if he hadn't been volunteering. But none of that's here. None of that is here, but the – Well, I'm trying – of course, I wrote Fishman. I'm trying to really see a meaningful distinction between Fishman and this case, because they were getting a lot of incidental benefits at the station. Well, in Fishman, the Court – I'm sorry. The Court never considered the question, really, of whether there were substantial benefits that would have made it appropriate to consider whether they were employees or not. The Court just went straight to the second step. So this question was never really considered in Fishman. Well, in terms of your analysis, it's hard to see any nonprofit where you have volunteers that wouldn't be covered by this, because workers' comp usually applies to all nonprofits. There are some incidental benefits, whether they're tuition or a scholarship, to a lot of nonprofits, Girl Scouts, Boy Scouts. Federal benefits are statutory. You can't control that one way or the other. Why wouldn't it apply to every nonprofit charitable organization where you have volunteers? Well, again, for example, the college benefits, that could be a reason why somebody chooses to serve as a volunteer firefighter. That's a lot of money, potentially. Yeah, I agree with you on that one. That's a great benefit. And if it were coming from elsewhere, then I would sit up a little taller on that point. I'm just having trouble understanding how a private organization could invert your legal status vis-a-vis a government organization. So that's my – I guess it's the link that is bothering me, but I'm open to being persuaded because I think this is a close case. Well, certainly Clark County is benefiting from that incentive, the inducement to individuals to become volunteer firefighters. They may not have enough volunteer firefighters without that inducement. No, but they won't have a volunteer firefighting force, perhaps, if they have to pay all of these other benefits or accept the consequences of their volunteer firefighters being employees. That's the tradeoff economically. Well, the fact that they are considered employees for the ADEA does not mean they're considered employees for all purposes. It doesn't mean that they're – No, but – What it means is that they won't be allowed to engage in age discrimination. Your argument is founded essentially in the common law definition of employee, and so it's not much of a leap to say, well, the next step is you've got to pay them a minimum wage. Well, although as the Supreme Court recognized in Howard Delivery Service, there are statutes that expressly exclude workers' compensation, for example, as a fringe benefit. An omnibus definition of fringe benefit normally would include workers' compensation, and then the statute has a provision that says, but not workers' compensation, for example, ERISA. Right. So the fact that workers' compensation could be considered a benefit and that you cannot discriminate based on age and workers' compensation under the ADEA does not necessarily say anything about whether an individual would be considered an employee for other purposes. Well, it says quite a lot. It may not be conclusive, but it's not such a great leap to say that the Fair Labor Standards Act, which I don't believe has the same provision as ERISA, couldn't be construed. If you're employed for the purposes of ADEA, I'm not sure why you wouldn't be employed for the purposes of the Fair Labor Standards Act. And that may be correct in what the – So that means a minimum wage applies, overtime benefits – Well, if you're paying zero, then – I mean, these are all factors that would be considered for the common law definition of employee. This – whether or not there are enough economic benefits to get to the question of whether someone is an employee is just a threshold question. It does not answer the question all by itself. I'm trying to imagine the trial, because often, you know, whether agency, employee are often decided on summary judgment based on the indicia. And you're suggesting, well, no, actually, there's a factual issue here. So I'm trying to imagine the jury doing the same thing we're doing. Is that basically what would be happening? Well, it would depend on the facts of the case. Now, in this case – In this case. In this case, the volunteer firefighters work side by side with the paid firefighters. They do exactly the same job. Depending on who gets to a fire first, the volunteers might supervise the paid firefighters or the other way around. In these circumstances, we believe it is highly likely that a jury would find that there are enough indicia that the volunteers should be considered employees under the ADEA. Is it relevant to the status of employee under the ADEA, the function they serve, their relationship with the true employees, their ability to supervise the true employees, or are we confined to the compensation being provided to the volunteers? I'm sorry, could you repeat the question? Yes. We've been focusing up until now on the compensation or the benefits being provided to the volunteers. And we've gone pretty much through everything that they're getting. And now you're saying, as you said in your brief, and I think it's an accurate description, that they work side by side with the true employees. They sometimes supervise the true employees and so on. So they act as employees. Is that relevant to the test? I think it would be. Because? Do you have case law for that? Well, the case law says you look at control. It's basically there are a lot of different factors to go into control, but that's the ultimate question for whether there is an employment relationship, given that the volunteers are doing exactly what the paid firefighters are doing. I'm specifically asking, because so far the tests I keep reading have to do with, what's the nature of the compensation? Full stop. Do you have cases that tell me explicitly that I get to consider, in addition to the nature of the compensation, what is the nature of the function and the way in which they perform the function? Well, Your Honor, in Bryson v. Middlefield Volunteer Fire Department, which was recently decided by the Sixth Circuit, that was exactly the question that came up. And the majority said, we look at this all together. We look at compensation and we looked at all the other initia together. The Judge Gibbons concurring. Different from that analytically from that in Fishman. Didn't they say the same thing? In Fishman, the Court never actually discussed the lack of compensation. And in fact. I know, but we listed the factors. Well, two years later. Because they weren't getting paid, that was conceded. True, but there was no discussion of what benefits might have been received. And then two years later in Weisberger, which is an unpublished opinion, this Court did say that if the plaintiff alleged that she received substantial benefits, then she probably would be able to survive a motion to dismiss, even though she was an unpaid volunteer police reserve officer. I mean, that was a whole issue in Fishman. They claimed they were getting a lot of benefits from working at the station. I'm sorry? In Fishman, they were claiming they got a whole bunch of benefits from working at the station. But the Court, yes, but the Court did not. We didn't agree that they were sufficient. That's the only difference. Your time has expired, but I'll give you some time for rebuttal. Okay, thank you. Good morning, Your Honors. Luther Snavely on behalf of Clark County. May it please the Court. Your Honor, as far as the benefits that are being provided by the so-called benefits  third parties, namely the Nevada State Firefighters Association for the tuition and the federal government in terms of the federal benefit, this notion that benefits provided by third parties can count toward the threshold that gets this to a jury is based solely on the EOC's compliance manual, which in turn is based solely on a misreading of the Piotras case out of the Second Circuit. Piotras doesn't hold that third-party benefits count toward that threshold. All that Piotras said was that in Piotras the plaintiff was entitled to a slew of benefits under New York state law. But it didn't say that the state of New York was providing the benefits to Piotras. These are simply benefits mandated by New York state law that in this case the political subdivision, the fire district, was mandated to pay. In fact, also in that very same opinion it says that the question of whether someone is an employee turns on whether he's received direct or indirect remuneration from the employer. Also, this argument that third-party benefits convert a volunteer into an employee was not made below to the district court. And I don't think that this Court should entertain it here. As you correctly ---- The big benefit is workers' comp, it seems to me. And then you've got this word employee in the statute, in the Nevada statute. And so the question would then be why, if you're an employee for that purposes, you're not an employee for the ADA purposes? You mean that under the Nevada statute they're deemed employees? Correct. Well, they're deemed employees under the Nevada statute for the purpose of calculating these Nevada benefits. But the definition of employee under the ADA, the federal statute, has to be a federal standard. You can't have 50 different state legislatures defining this term. You're going to have a different ---- And they can also define in such a way as to intentionally constrict liability under ADA. What is the scope of the workers' compensation benefits that you pay to volunteer firefighters? I believe ---- I mean, it differs from normal city and county employees, right? Well, what we're talking about here is the workers' comp for volunteer firefighters with ---- Apart from that, what workers' compensation benefits are afforded? Do you know? I don't know. I don't know. Has anything been alleged? It didn't come up below. So we're really talking primarily about the age restriction and then if you have a heart condition and it arises from your volunteer work, you can get ---- Well, it's not just that. Four ---- The workers' comp statute in Nevada for heart disease for volunteer firefighters is not just an age limitation. If you look at that statute, there are about six different ways where a volunteer firefighter can be denied workers' comp. They can be denied if they haven't worked as a volunteer firefighter for five years, if they don't have heart disease resulting in temporary or permanent disability, if it's not the result of overexertion, if it's not arising out of their duties as a volunteer firefighter, or if they get trapped up in one of these medical exams that you see as a benefit where the doctor diagnoses a predisposing condition which they're supposed to do something about and they don't and they have a heart attack, well, they don't get it. Well, the problem is it jumps out of the statute, the age. It does seem a bit unfair. Well, it seems very unfair to say, okay, just because you're, say, as old as I am, you don't get the workers' compensation benefits if you're a volunteer firefighter. And that's what's got the EEOC concerned. It's a legitimate concern. Well, it's a shame that Mr. Vannosi didn't follow through on the procedure that was available to him and take this on petition for judicial review to Nevada State Court. Because once the hearing officer made a determination, once the state hearing officer made a determination that he was being denied workers' comp solely on the basis of his age, he could have gone to Nevada State District Court and asked the district court judge to strike the law on the basis of the supremacy clause of the Federal Constitution. He didn't do that. Well, I think that's sort of where we are in the sense of we're trying to determine whether that benefit, we can't really just bow to the benefit and the age. We have to look at it as related to the ADA. Well, the inquiry here, I think, is quite a bit different because here we're talking about whether the ADAA was actually violated. Right. I mean, there's a predicate question involved here, but I'm kind of getting beyond that and saying, well, let's assume that for the sake of argument that we get by the first step, then it is an age-related, purely an age-related discrimination, isn't it? Well, clearly the State of Nevada discriminated against Mr. Vannozzi on account of his age. That was the basis for the denial of his benefit by them. But the other thing I want to emphasize. Let me just ask you, could he, I'm just trying to look at the dates, could he go back now and file for declaratory judgment in Nevada State Court? That would have been, he was denied by the appeals officer in 2007. I don't know. He could have to file in State Court. He may have a statute problem, but he might not. There might be. I don't know. I appreciate your candor on the discrimination, but obviously it's a matter of concern. Let me ask you two questions. Number one, you said that this issue of payment by third parties wasn't raised in the district court. Did the EEOC in the district court assert as a benefit the ability to get college payments in the event of death? Yes, they did. Okay. Yes, they did.  And they didn't say that it was a benefit, even though it was obvious that it was being provided by a third party. Did you then say, well, wait a minute, it's a third party, therefore it can't be counted? I'm trying to figure out what was and wasn't raised and who should have raised what. They're obviously saying to the district judge you're supposed to count it. Well, they made it part of the list, but they didn't actually. They didn't ask the district court judge to consider this whole, this third party argument they're making. Well, but if they're saying this is a benefit, maybe it's your job to say, well, it's not a benefit because it's coming in from a third party. So, I mean, who didn't raise what? Okay. Well. Second question. So I'm willing to consider it as a benefit or not on the merits rather than on a waiver. And you may still prevail, but it seems to me that it's not waived. All right. Second question, and it's the Bryson case, the Bryson case coming out of the Sixth Circuit mentioned by the EEOC lawyer. The opinion very clearly says that remuneration is only one factor. I'm just reading from Bryson. I'm on page 354, second column. Our decision to consider remuneration as a factor when determining whether an employment relationship and comports with Darden's instruction that all incidents of the relationship must be assessed and weighed with no one factor being decisive later on in that same paragraph. But no one factor, including remuneration, is decisive, and therefore no one factor is an independent antecedent requirement. And that was a firefighter case. So under Bryson in the Sixth Circuit, the function that he performs and the manner in which he performs it is part of the analysis. Do you agree that that should be part of our analysis? I don't. And I think that Bryson is different from the case before the Court. Even though it was a firefighter case. It is a firefighter case, Your Honor. But I think the firefighters in Bryson are different than the firefighters in this case. Because? The opinion also says that the volunteer firefighters were hired parties. They each had a contractual relationship with the department. Some of them were receiving lump sum retirement payments. Oh, no, I understand that. And hourly wages. I understand all of that. That is to say they were compensated in different ways, maybe compensated more than the firefighters here. But what I'm after is whether the mode of analysis in Bryson, that is to say we consider not only remuneration, but we consider broader aspects of the relationship in trying to decide whether it's an employee we should apply here. I'm not saying that Bryson says that they win. I'm just asking about the mode of analysis. I don't think that it should be considered at this time. I think that the remuneration issue is an antecedent issue that has to be resolved in favor of EEOC before we consider it. And that's precisely the proposition that the Bryson court rejected. I'm sorry? That's precisely the proposition that the Bryson court rejected. So you just disagree with Bryson. You say we should create a circuit split. I agree. I disagree with Bryson. I think that this Court should follow the other circuits that have done this in two parts. Okay. And I would also ---- Create a circuit split. There may be a circuit split. Yeah. Yeah. Okay. Your Honor, I'd also like to emphasize that there's no proof in the record at all that ---- and, again, we have to focus on ADA, whether it was in a violation of ADA here. There's no proof in the record at all that Clark County or even Sierra denied Vinozzi and Schneiderban these workers' comp, denied them workers' comp solely on the basis of age, as gross requires us to do. It's a but-for analysis. For ADA, it has to be solely on the basis of age, not a mixed motive. What you've got from ---- first of all, there's nothing in the record that says that Clark County actually made a determination one way or the other on workers' comp. Sierra, as far as Sierra goes, the only thing in the record we have on their determination is, are these two letters they issued to these two gentlemen, which just repeat the entire statute, which lists all these different six ways that a person could be not denied a workers' comp, and it doesn't really specify on what grounds they were denied, and then tells them that, well, if they don't agree and they want to pursue their workers' comp claim, they can pursue that with the State of Nevada. Schneiderman didn't pursue his claim with the State of Nevada. You know, Sierra is not an agency or instrumentality of Clark County, and the two statutes, ADA and Title VII, are different in that regard. In Title VII, the definition of person includes a political subdivision that says an agent of a person is an employer. In ADA, it doesn't include the title of ---- it doesn't include political subdivisions within the definition of person. It says that a political subdivision or its agency or instrumentalities constitute an employer. Judge Mahan already determined that Sierra was not an agency or instrumentality of Clark County. That issue was not appealed by EEOC. And so there's no vicarious liability for Clark County, even if Sierra did make a determination that Vannuzzi and Schneiderman were denied on the basis of age, which they didn't. And the way this regimen is set up, the determination by Sierra is a dead letter anyway, once the claimant takes his claim to the State. And it makes all the sense in the world because it's a State statute. The State has the responsibility of administering it. And so they resolve disputed claims. They're the ones who make the ultimate determination. So if there was a determination that it was because of age and lack of connection, would there then be the specter of liability or State or county involvement? No. If it's Sierra, because Clark County is not vicariously liable under ADEA for the determinations of Sierra, which are initial determinations that have no finality if the claimant takes his claim to the State of Nevada anyway. But the point I'm trying to make is that GROSS requires that the denial of the benefit be on the basis of age only. And the only link here to Clark County is Sierra, and they didn't make a determination to deny the benefit on account of age only. It was one of the list of things that they set forth. And all we've got from EEOC is a guess that they may have denied it. But, you know, the record also shows that it could have been denied on other grounds because these guys didn't have heart attacks while they were on the job. Now, your time is up, but I wanted to ask a different question because I think I know how the volunteer firefighters work, given the briefs. But I want to make sure my understanding is correct because it might be colored by my own experience in Montana. These are separate. They're not working in the same firehouses. They're completely separate firehouses, or do you know? I think so. In other words, it's a voluntary organization that's formed. They have separate firehouses. Their facilities are separate. If a volunteer fire department gets to the fire first, they may take a supervisory role, as you've indicated. But if there's a fire that's on a jurisdictional boundary? I believe that you're correct. They are separate. They're separate entities. Right. Okay. Thank you. Thank you, Your Honors. Have a good weekend. Thank you. My understanding is that some of them are separate entities, but not all of them. In some cases, the volunteers and the professionals work side by side. At fires. Do you know about these particular individuals? I do not know about these particular individuals. But when they work side by side, they're not in the same firehouse. Right. They're in separate firehouses. They just get to the fire at the same time. I don't think that's always true. Okay. Is there anything in the record we should look to on that? If you'd like, I can go through the records. But aren't the firefighters organized separately under separate organizational private structures? Yes. In other words, I don't know if they're 501C3, but they're nonprofit corporations. They're not run by the state, correct? They have their own organizational structure. That's correct. Yeah. And they're physically separate. They have separate fire engines. They've got separate uniforms. They've got separate all that, right? I don't know whether that's true. Yeah. Okay. I would like to clarify that the EEOC is not seeking to hold Clark County vicariously liable for anything that CIARA did. The EEOC is seeking to hold Clark County liable as the employer for its failure to provide the correct instructions to CIARA, to look at the recommendations CIARA provided to it about accepting or rejecting workers' compensation claims. Clark County just rubber-stamped, essentially, everything that CIARA recommended. CIARA was allowed to deny workers' compensation claims without even receiving anything in writing from the employer acknowledging that that's what they were recommending be done. It is that failure to take affirmative action to comply with the ADEA that the EEOC is challenging. Let me ask you this. If the employee is denied by CIARA for six reasons because they're all listed as possible outs, and then the employee doesn't appeal that on up, what is the link to Clark County's liability? I mean, this is almost like a different claim that I'm hearing now. It's almost like a failure to supervise or intervene. CIARA is charged with making an initial recommendation to Clark County. It is Clark County that is authorized to make the decision yes or no. They've chosen to delegate to CIARA basically by washing their hands of it and not acting on their authority. But their choice to delegate as opposed to acting on the authority that they have, that's a choice. And in making that choice, they were absolving themselves or seeking to absolve themselves of any responsibility under the ADEA. Do we have – is there evidence here that these individuals were denied because of the age issue? Yes, Your Honor. In the first place, for both Mr. Venozzi and for Mr. Schneiderman, their doctors both verified on their workers' compensation claim form that their heart attacks were job-related. For Mr. Venozzi, you can find that at – See, that's different because that's usually what workers' compensation fights are about. Right. The insurance company reviews it, and they say, well, you may think it's job-related, but you went home and took a nap, and the next day you woke up and you had a heart attack, and our doctor doesn't think that. And so since there's all these subparts listed, I guess my question is precisely, is there any determination here that it was specifically age-related? Age exclusion. For Mr. Venozzi, Seattle did make the denial and just said – we're citing to Section 617. When Mr. Venozzi then appealed that, the hearing officer affirmed the denial of benefits, but expressly said benefits are denied, quote, based on the age restriction only. So where is that in the record? That is in – I think it's in the second part of the 60s, approximately. It looks to me. It should be in – I think that's – it's in the supplemental record. The second supplement, I believe. Thank you. Well, we can find it. We don't want to take your time now. You can – if you find it, all you can do is write a little note and give it to me. Is this Venozzi? Yes, Mr. Venozzi. I think it's a 215. Yeah. There's also 363. Anyway. And then Mr. Schneiderman. Mr. Schneiderman says that he did pursue an appeal, that he filed the appeal and never heard from the State of Nevada. It wasn't until litigation that he was made aware that they had never received that appeal. So there certainly is a factual question about whether he challenged CRS initial determination. Also, I'd like to note that when Mr. Venozzi's case went from the hearing officer to the appeals officer, the appeals officer said that Mr. Venozzi was not covered by Section 617 because of age, limited it to age. The discussion about the facts of the accident – or the facts of how his injury happened – that was in connection with a different section of the Nevada statutes. It was Section 616, which is not about occupational disease. It's about industrial injury by accident. So the standards there could be very different. And it could be true that even if he did not qualify based on the facts as an industrial injury by accident, he still could have an occupational disease resulting from years of dealing with repeated stress. Thank you. Do you have a view as to whether or not the general workers' compensation statutes of Nevada apply to volunteer firefighters? I believe as a general matter they do, and that the HART provision was a specific My understanding may be different, so I just don't know the answer to that. I thought that was the only – it may be the only provision. Are they bound? Well, actually, that can't be right because Section 616 does have the industrial injury by accident. Yeah. And there are cases in which firefighters can qualify for that as well. Okay. Our questions are taking over time. Thank you both for your arguments. Thank you. The case just heard will be submitted for decision.
judges: Thomas, McKeown, Fletcher